IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY J. DUNMIRE, | : | No. |
|     Plaintiff | : | |
| | : | |
| Vs. | : | |
| | : | |
| STEPHEN M. DETZ, ERIC ZIMMERMAN, | : | |
| DAVID BURGIS, THE BOROUGH OF | : | |
| LITITZ and THE TOWNSHIP OF | : | |
| WARWICK, | : | |
|     Defendants | : | JURY TRIAL DEMANDED |

## COMPLAINT

**PARTIES**

1. Plaintiff is Timothy J. Dunmire (hereafter "Dunmire"), an individual who resides at 12 South Broad Street, Lititz, Pennsylvania, 17543.

2. Defendant is Stephen M. Detz (hereafter "Detz"), an individual employed as a police officer by the Borough of Lititz, and available for service there at the Borough of Lititz Police Department, 7 South Broad Street, Lititz, Pennsylvania, 17543.

3. Defendant is Eric Zimmerman (hereafter "Zimmerman"), an individual employed as a police officer by the Township of Warwick, and available for service there at the Township of Warwick Police Department, 315 Clay Road, P.O. Box 308, Lititz, Pennsylvania, 17543.

4. Defendant is David Burgis (hereafter "Burgis"), an individual employed as a police officer by the Township of Warwick, and available for service there at the Township of Warwick Police Department, 315 Clay Road, P.O. Box 308, Lititz, Pennsylvania, 17543.

5. Defendant is the Borough of Lititz (hereafter "Lititz"), a municipality incorporated pursuant to the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 7 South Broad Street, Lititz, Pennsylvania, 17543.

6. Defendant is the Township of Warwick (hereafter "Warwick"), a second-class township organized and existing within the Commonwealth of Pennsylvania, having its principal place of business located at 315 Clay Road, P.O. Box 308, Lititz, Pennsylvania, 17543.

7. At all times material hereto, Lititz and Warwick employed, maintained and operated police departments, employing officers and other personnel who, at all times, acted under color of state law in enforcing both the laws of the Commonwealth of Pennsylvania and the ordinances of the respective municipalities.

8. At all times material hereto, Detz was employed as a police officer by Lititz.

9. At all times material hereto, Zimmerman and Burgis were employed as police officers with Warwick.

10. All actions described in this Complaint as being taken by the individual Defendants were taken in the course and scope of their employment with Lititz and/or Warwick.

**JURISDICTION**

11. This action is brought pursuant to 42 U.S.C.A. 1983. Jurisdiction is based upon 28 U.S.C.A. 1331 and 1343. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C.A. 1367(a) to hear and adjudicate pendant state law claims.

**FACTS**

12.     On December 12, 2004, at approximately 2:00 a.m., Dunmire was within his residence, located at 12 South Broad Street, Lititz, Pennsylvania, 17543.

13.     On December 12, 2004, the 12 South Broad Street property was leased to Dunmire, and that property was his domicile and home in which he had a leasehold interest to the exclusion of all other persons.

14.     On December 12, 2004, at approximately 2:00 a.m., Detz appeared at the front door of Dunmire's home and banged upon the door, demanding entry.

15.     In response, Dunmire exited his home, closing the front door behind him. Detz and Dunmire had a lengthy conversation outside the front door, during which Detz continued to demand entry into the home.

16.     Dunmire consistently refused permission for entry into his home.

17.     During this conversation, Detz demanded identification from Dunmire, which was produced in the form of a Pennsylvania driver's license. Detz took possession of the driver's license and, when requested to do so, refused to return it to Dunmire.

18.     As the conversation between Dunmire and Detz proceeded on the front step of the Dunmire home, Zimmerman arrived. Immediately upon his arrival, Zimmerman approached Dunmire in a hostile and threatening manner, physically accosted him, grabbed him, pushed him against a stair railing, verbally threatened him, placed him in handcuffs and physically injured him.

19. Upon Dunmire being placed in handcuffs, Detz pushed and banged against the closed front door of the Dunmire residence, causing that door to spring open. Immediately thereafter, both Detz and Zimmerman entered the Dunmire residence.

20. At all times, entry into the Dunmire residence and any time spent within that residence was directly contrary to and against the wishes of Dunmire who at no time gave consent to such entry or occupancy and, to the contrary, protested against such entry and/or occupancy.

21. After gaining entry into the Dunmire home, Detz walked throughout that home, including the bedroom, bathroom and all other rooms within the Dunmire residence. Detz and Zimmerman stayed within the Dunmire residence against the protests of Dunmire and despite such protests.

22. During the search and occupancy of the Dunmire residence, Dunmire remained handcuffed in his own kitchen to his humiliation and embarrassment in the presence of his guests then present in his home.

23. After entry had already been made by Detz and Zimmerman, Burgis arrived at the Dunmire home and, likewise, entered and occupied the home without the consent of Dunmire and against his express protest.

24. Once the invasion and search of the Dunmire home was completed, Detz, Zimmerman and Burgis left.

**COUNT I – VIOLATION OF
42 U.S.C.A. 1983 - HOME INVASION
<u>DUNMIRE V. DETZ, ZIMMERMAN AND BURGIS</u>**

25. The averments of Paragraphs 1 through 24, set forth above, are incorporated herein as if set forth at length.

26. At all times relevant hereto, Defendants Detz, Zimmerman and Burgis were acting under color of the statutes, ordinances, regulations, customs and/or usages of Lititz, Warwick and the Commonwealth of Pennsylvania.

27. Defendants deprived Dunmire of his clearly-established rights, privileges and/or immunities secured by the Federal Constitution and the laws, specifically those provided by the Fourth Amendment and the Fourteenth Amendment, by entering the home of Dunmire without his consent and against his protest, without a warrant, without any exigent circumstances, and without any reasonable or probable suspicion that any violation of any statute or ordinance had taken place and, by their actions, thereby unconstitutionally invaded the home of Dunmire and detained him.

28. It would be clear, and should have been clear, to a reasonable police officer that Dunmire's conduct on the date in question, in quietly and peacefully occupying his own home, was not unlawful under the circumstances.

29. It would be clear to a reasonable police officer that the conduct of Detz was unlawful in the situation described herein.

30. It would be clear to a reasonable police officer that the conduct of Zimmerman was unlawful in the situation described herein.

31. It would be clear to a reasonable police officer that the conduct of Burgis was unlawful in the situation described herein.

32. The actions of the three individual Defendants, as described, demonstrates a reckless and callous disregard of, or indifference to, Dunmire's federally protected rights.

33. The actions of the three individual Defendants, as described, are the direct, legal and proximate causes of the harms, injuries and damages to Dunmire, including but not limited to the following:

   (a) Deprivation of liberty;

   (b) Great humiliation, embarrassment, mortification and distress;

   (c) Exposure to and subjection to unlawful, illegal, unreasonable and unconstitutional use of force;

   (d) Exposure to and subjection to unlawful, illegal, unreasonable and unconstitutional arrest, detention, confinement and inconvenience;

   (e) Invasion of a private home;

   (f) Deprivation of liberty in violation of the Constitutions of the United States and Pennsylvania and further violations of state and federal law;

   (g) Forcing him to expend money on legal representation;

   (h) Suffering public stigma resulting from the invasion of his home, being handcuffed and detained in the presence of his guests in his own home, and being verbally and physically harassed by the police in the presence of his guests;

   (i) Loss of valuable federally protected rights.

**WHEREFORE**, Dunmire demands judgment against Detz, Zimmerman and Burgis for:

    (a)    Compensatory damages;

    (b)    Punitive damages;

    (c)    Costs of this litigation;

    (d)    Allowable interest; and,

    (e)    Reasonable attorneys' fees.

### COUNT II – VIOLATION OF 42 U.S.C.A. 1983 – FALSE ARREST AND UNREASONABLE AND EXCESSIVE FORCE
### DUNMIRE V. DETZ AND ZIMMERMAN

34.    The averments of Paragraphs 1 through 33, set forth above, are incorporated herein as if set forth at length.

35.    As a direct and proximate result of the actions of Detz and Zimmerman, committed under color of state law, Dunmire was deprived of his right to be free from unreasonable and excessive force, unlawful search and seizure, and unlawful arrest, to be secure in his person and property and home, and to due process of law.

36.    As a direct and proximate result of the acts of Detz and Zimmerman, Dunmire sustained physical injuries, emotional harm, loss of liberty and financial losses, all to his detriment and harm.

37.    At all times relevant herein, Defendants Detz and Zimmerman were acting under color of the statutes, ordinances, regulations, customs and/or usages of Lititz and Warwick, and the Commonwealth of Pennsylvania.

38. Defendants Detz and Zimmerman deprived Dunmire of his clearly established rights, privileges and/or immunities secured by the federal constitution and laws, specifically those provided by the Fourth Amendment and Fourteenth Amendment by pushing, shoving, physically accosting, injuring, hurting and handcuffing the person of Dunmire without a valid warrant or probable cause, thereby unconstitutionally arresting, injuring, hurting and humiliating Dunmire.

39. It would be clear to a reasonable police officer that the actions of Detz and Zimmerman were unlawful in the situation described.

40. The actions of Detz and Zimmerman demonstrate a reckless and callous disregard of or indifference to Dunmire's federally protected rights.

41. The actions of Detz and Zimmerman are the direct, legal and proximate causes of the harms, injuries and damages to Dunmire, including but not limited to the following:

    (a)    Deprivation of liberty;

    (b)    Great humiliation, embarrassment, mortification and distress;

    (c)    Subjection to unlawful, illegal, unreasonable and unconstitutional use of force;

    (d)    Physical injury and pain;

    (e)    Subjection to unlawful, illegal, unreasonable and unconstitutional arrest, detention and confinement;

    (f)    Deprivation of liberty in violation of the Constitutions of the United States and Pennsylvania and further in violation of state and federal law;

    (g)    Expending money on legal representation.

**WHEREFORE**, Dunmire demands judgment against Detz and Zimmerman for:

(a) Compensatory damages;

(b) Punitive damages;

(c) Costs of this litigation;

(d) Allowable interest; and,

(e) Reasonable attorneys' fees.

### COUNT III – VIOLATION OF
### 42 U.S.C.A. 1983 – FAILURE TO INSTRUCT,
### SUPERVISE, CONTROL AND DISCIPLINE
### DUNMIRE V. LITITZ AND WARWICK

42. The averments of Paragraphs 1 through 41, set forth above, are incorporated herein as if set forth at length.

43. At all times material hereto, Detz, as an officer of Lititz, was acting under the direction and control of Lititz.

44. At all times material hereto, Zimmerman and Burgis, as officers of Warwick, were acting under the direction and control of Warwick.

45. Acting under color of law and pursuant to official policy or custom, both Lititz and Warwick knowingly, recklessly, or with deliberate indifference and callous disregard to Dunmire's rights, failed to instruct, supervise, control and discipline on a continuing basis the individual Defendants in their duties to refrain from:

(a) Unlawfully and maliciously harassing a citizen, who was acting in accordance with his constitutional and statutory rights, privileges and immunities within his own home;

(b) Unlawfully and maliciously invading the home of a private citizen;

(c) Unlawfully and maliciously arresting a private citizen within his own home, who was acting in accordance with his constitutional and statutory rights, privileges and immunities;

(d) Otherwise depriving Dunmire of his constitutional and statutory rights, privileges and immunities.

46. Lititz and Warwick had knowledge, or should have had knowledge, that the wrongs to be done, as alleged herein, were about to be committed. Lititz and Warwick had the power to prevent or aid in preventing the commission of these wrongs and could have done so by reasonable diligence, but knowingly, recklessly or with deliberate indifference and callous disregard of Dunmire's rights failed or refused to do so.

47. Lititz and Warwick directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of the individual Defendants described herein.

48. The actions of Lititz and Warwick are the direct, legal and proximate causes of the harms, injuries and damages to Dunmire, including but not limited to the following:

(a) Deprivation of liberty;

(b) Great humiliation, embarrassment, mortification and distress;

(c) Unlawful, illegal, unreasonable and unconstitutional use of force;

  (d) Subjection to unlawful, illegal, unreasonable and unconstitutional arrest and detention;

  (e) Invasion of a private home;

  (f) Physical injury and pain;

  (g) Deprivation of liberty in violation of the Constitutions of the United States and Pennsylvania and further violations of state and federal law;

  (h) Expending money on legal representation.

**WHEREFORE**, Dunmire demands judgment against Lititz and Warwick for:

  (a) Compensatory damages;

  (b) Punitive damages;

  (c) Costs of this litigation;

  (d) Allowable interest; and,

  (e) Reasonable attorneys' fees.

### COUNT IV – FALSE ARREST, ASSAULT AND HOME INVASION
### UNDER PENNSYLVANIA COMMON LAW
### DUNMIRE V. DETZ, ZIMMERMAN AND BURGIS

49. Paragraphs 1 through 48, set forth above, are incorporated herein as if set forth at length.

50. The acts and conduct of the individual Defendants constitute assault, battery, false arrest, false imprisonment, trespass to real property, trespass to chattels, and intentional infliction

of emotional distress under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

**WHEREFORE**, Dunmire demands judgment against Detz, Zimmerman and Burgis for:

(a) Compensatory damages;

(b) Punitive damages;

(c) Costs; and,

(d) All other relief as this Court deems proper.

                REILLY, WOLFSON, SHEFFEY, SCHRUM
                    AND LUNDBERG LLP

By: /s/ Harry W. Fenton
     Harry W. Fenton, ID #55656
     Counsel for Plaintiff
     1601 Cornwall Road
     Lebanon, PA  17042
     (717) 273-3733

Date:  January 6, 2005

JURY TRIAL DEMANDED