**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TIMOTHY J. DUNMIRE, | : | |
| Plaintiff | : | NO. 2:05-CV-00081 |
| | : | |
| v. | : | JUDGE SCHILLER |
| | : | |
| STEPHEN M. DETZ, ERIC ZIMMERMAN, | : | |
| DAVID BURGIS, THE BOROUGH OF | : | |
| LITITZ and THE TOWNSHIP OF WARWICK, | : | JURY TRIAL DEMANDED |
| Defendants | : | |

**DEFENDANTS, STEPHEN M. DETZ AND BOROUGH OF LITITZ, ANSWER TO COMPLAINT TOGETHER WITH AFFIRMATIVE DEFENSES**

FIRST DEFENSE

**PARTIES**:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

**JURISDICTION**:

11. Admitted.

**FACTS**:

12. Denied. At approximately 2:00 a.m. on December 12, 2004, Timothy Dunmire and two (2) passengers identified as Troy Whitmyer and Tisha Haldeman were involved in a traffic stop conducted by Officer Jared A. Hahn of the Lititz Borough Police Department.

13. It is admitted on information and belief that Timothy J. Dunmire resided at 12 South Broad Street in Lititz. The remaining averments are denied.

14. Denied as stated. At approximately 3:00 a.m., on December 12, 2004 Police Officer Detz appeared at the front door of Dunmire's apartment and knocked on the door.

15. In response, Dunmire who was very intoxicated, answered the door, stepped on the stairs, shutting the door behind him. It is admitted that Officer Detz and Plaintiff Dunmire had a lengthy conversation outside the front door.

16. The essence of the conversation was that Officer Detz needed to check the residence to make certain that no one was injured or fighting.

17. It is admitted only that the conversation continued. Prior to the arrival of Officer Zimmerman, Troy Allen Whitmyer stepped out onto the stairway. Officer Detz explained the situation to him and repeatedly told Plaintiff that he needed to check the residence. It was at this point that Officer Zimmerman arrived.

18. Denied as stated. During this sequence, both Dunmire and Whitmyer were taken into custody for officer safety. It is believed that no injuries were sustained by anyone.

19. It is admitted only that Officer Detz and Officer Zimmerman entered the Dunmire residence.

20. Admitted.

21. Denied as stated. Officers Detz and Zimmerman checked the residence to make sure that there were no injuries.

22. Denied as stated. During the check of the residence, six (6) persons were found in various locations inside the residence, all of whom denied any problems. During the check of the residence, the officer observed a small baggie of suspected marijuana and a multi-colored smoking device on the coffee table in the living room. It was explained that no one would be charged with possession since the items were found in the common area which everyone in the residence had access to, but the items were taken. At this point, the officers removed the handcuffs from Dunmire and Whitmyer and departed.

23. Denied.

24. Denied.

**<u>COUNT I – VIOLATION OF</u>**
**<u>42 U.S.C. § 1983 – HOME INVASION</u>**
**<u>DUNMIRE v. DETZ, ZIMMERMAN AND BURGIS</u>**

25. The admissions or denials of Paragraphs 1 through 24 are incorporated herein by reference as if more fully set forth herein.

26. Denied as stated. It is admitted that the three (3) individual officers were acting under color of law as that term is defined in Section 1983 Jurisprudence.

27. Denied as a conclusion of law. The Fourth Amendment does not bar police officers from making "warrantless entries . . . when they reasonably believe that a person within is in need of immediate aid * * * "the need to protect or preserve life or avoid serious injury is justification for what would be otherwise illegal absent an exigency or emergency."" <u>Mincey v. Arizona</u>, 437 U.S. 385, 392, 57 L.Ed 2d 290, 98 S. Ct. 2408 (1978); <u>United States v. Richardson</u>, 208 F.3d 626, 629 (7th Cir.) <u>cert. denied</u>, 531 U.S. 910, 148 L.Ed 2d 188, 121 S. Ct. 259 (2000). <u>See also</u>, <u>Good v. Dauphin County Soc. Servs. for Children and Youth</u>, 891 F.2d 1087, 1093 (3rd Cir. 1989) ("The right of the police to enter and investigate in an emergency . . . is inherent in the very nature of their duties as peace officers . . . "

28. Denied. On the contrary, Dunmire was neither quietly nor peacefully occupying his own home. As a consequence, the police made a check of the residence to make sure no domestic had been happening inside the residence.

29. The legal conclusions are denied. On the contrary, see Mincey v. Arizona, 437 U.S. 385, 392, 57 L.Ed 2d 290, 98 S. Ct. 2408 (1978). Mincey v. Arizona, 437 U.S. 385, 392, 57 L.Ed 2d 290, 98 S. Ct. 2408 (1978); United States v. Richardson, 208 F.3d 626, 629 (7th Cir.) cert. denied, 531 U.S. 910, 148 L.Ed 2d 188, 121 S. Ct. 259 (2000); and Good v. Dauphin County Soc. Servs. for Children and Youth, 891 F.2d 1087, 1093 (3rd Cir. 1989).

30. Denied for the reasons stated in Paragraphs 27, 28 and 29.

31. Denied for the reasons stated in Paragraphs 27, 28 and 29.

32. Denied, denied as a conclusion of law.

33. Denied, denied as a conclusion of law.

WHEREFORE, Defendant Detz denies any and all liability to Plaintiff and demands judgment in his favor together with costs and counsel fees pursuant to 42 U.S.C. § 1988.

**COUNT II - VIOLATION OF**
**42 U.S.C. § 1983 – FALSE AREST AND**
**UNREASONABLE AND EXCESSIVE FORCE**
**DUNMIRE v. DETZ AND ZIMMERMAN**

34. The admissions or denials of Paragraphs 1 through 33 are incorporated herein by reference as if more fully set forth herein.

35. Denied, denied as conclusions of law.

36. Denied.

37. Admitted.

38. Denied for the reasons stated in the answer to Paragraphs 27, 28 and 29.

39. Denied for the reasons stated in the answer to Paragraphs 27, 28 and 29.

40. Denied for the reasons stated in the answer to Paragraphs 27, 28 and 29.

41. Denied, denied as conclusions of law.

WHEREFORE, Defendant Detz denies any and all liability to Plaintiff and demands judgment in his favor together with costs and counsel fees pursuant to 42 U.S.C. § 1988.

**COUNT III – VIOLATION OF**
**42 U.S.C. § 1983 – FAILURE TO INSTRUCT,**
**SUPERVISE, CONTROL AND DISCIPLINE**
**DUNMIRE v. LITITZ AND WARWICK**

42. The admissions or denials of Paragraphs 1 through 43 are incorporated herein by reference as if more fully set forth herein.

43. It is admitted that all times material Officer Detz was on duty, in uniform, acting under color of state law and an employee of the Borough of Lititz.

44. No answer is required.

45. Denied.

46. Denied as stated. At the time in question, Officer Detz was the only Borough of Lititz police officer on duty.

47. Denied. At the time in question, Officer Detz was the only Borough police officer on duty.

48. Denied, denied as a conclusion of law.

WHEREFORE, Defendant Borough of Lititz denies any and all liability to Plaintiff and demands judgment in its favor together with costs and counsel fees pursuant to 42 U.S.C. § 1988.

**COUNT IV – FALSE ARREST, ASSAULT AND HOME INVASION UNDER PENNSYLVANIA COMMON LAW DUNMIRE v. DETZ, ZIMMERMAN AND BURGIS**

49. The admissions or denials of Paragraphs 1 through 48 are incorporated herein by reference as if more fully set forth herein.

50. It is denied that the acts and conduct of the individual Defendants constituted assault, battery, false arrest, false imprisonment and trespass to real property, trespass to channels, and intentional infliction of emotional distress. Alternatively, it is asserted that Officer Detz is entitled to tort immunity under the Pennsylvania Governmental Immunity statute, 42 Pa. C.S. § 8541 et seq.

WHEREFORE, Defendant Detz denies any and all liability to Plaintiff and demands judgment in his favor together with costs and counsel fees pursuant to 42 U.S.C. § 1988.

**SECOND AFFIRMATIVE DEFENSE**

51. Plaintiff has failed to state a claim upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

52. Moving Defendants assert, with respect to state law claims, the bar or limitations of the Pennsylvania Governmental Immunity statute.

**THIRD AFFIRMATIVE DEFENSE**

53. Individual Defendant Officer Stephen M. Detz asserts that he is entitled to qualified immunity with respect to any and all federal claims.

**FOURTH AFFIRMATIVE DEFENSE**

54. At all times material to this lawsuit, the premises allegedly leased by Plaintiff Timothy James Dunmire, 12 South Broad Street, 2nd Floor Apartment, Lititz, Pennsylvania, was occupied by himself and

(a) Troy Allen Whitmyer;

(b) John A. Shober, Jr.;

(c) Andrew T. Bolton;

(d) Erin Krushinski;

(e) Nicole J. Hershman;

(f) Aaron H. Yoder;

(g) James R.C. Anton; and

(h) Barry S. Hopkins, III.

**FIFTH AFFIRMATIVE DEFENSE**

55. The combined noise and other activity of the occupants of the Dunmire apartment created a reasonable belief on the part of Police Officer Detz and the other officers that domestic abuse or violence may be taking place in the aforesaid apartment. In Mincey v. Arizona, 437 U.S. 385, 392, 57 L.Ed 2d 290, 98 S. Ct. 2408 (1978), the U.S. Supreme Court decided that the Fourth Amendment does not bar police officers from making "warrantless entries . . . when they reasonably believe that a person within is in need of immediate aid. . . . The need to protect or preserve life or avoid serious injury is justification for what would be otherwise illegal absent an exigency or emergency."

**SIXTH AFIRMATIVE DEFENSE**

56. Officers Detz, Zimmerman and Burgis were acting within the perimeters of Mincey v. Arizona and subsequent case law when they made their entry into Dunmire's apartment to satisfy that no one was seriously injured or otherwise being mistreated.

**SEVENTH AFFIRMATIVE DEFENSE**

57. The Borough of Lititz is immune from the imposition of punitive damages. See, Newport v. Fact Concerts, Inc., 453 U.S. 247, 69 L.Ed 616, 101 S. Ct. 2748 (1981).

WHEREFORE, Defendants Detz and the Borough of Lititz deny any and all liability and demand judgment in their favor, together with interest and costs.

Respectfully submitted,

Lavery, Faherty, Young & Patterson, P.C.

By: /s/ Robert G. Hanna, Jr.

Robert G. Hanna, Jr., Esquire
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
(717) 233-6633 (telephone)
(717) 233-7003 (facsimile)
Atty No. PA17890
rhanna@laverylaw.com

DATE: February 16, 2005

**CERTIFICATE OF SERVICE**

I, Blanche A. Morrison, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this 16th day of February, 2005, I served a true and correct copy of the foregoing **DEFENDANTS, STEPHEN M. DETZ AND BOROUGH OF LITITZ, ANSWER TO COMPLAINT TOGETHER WITH AFFIRMATIVE DEFENSES,** as follows:

**Via electronic service:**
Harry W. Fenton, Esquire
Reilly, Wolfson, Sheffley, Schrum and Lundberg, LLP
1601 Cornwall Road
Lebanon, PA 17042
*Attorneys for Plaintiffs*

**Via U.S. first-class mail:**
Carol Ann Murphy, Esquire
Margolis, Edelstein & Scherlis
The Curtis Center, Suite 400
Philadelphia, PA 19106
*Attorneys for Defendants,*
*Eric Zimmerman and David Burgis*

/s/ Blanche A. Morrison
Blanche A. Morrison, Legal Secretary
to Robert G. Hanna, Jr., Esquire

This document has also been electronically filed and is available for viewing and downloading from the ECF system.