IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY J. DUNMIRE, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| STEPHEN M. DETZ, et al., | : | No. 05-0081 |
| Defendants. | : | |

### ORDER

**AND NOW**, this **6th** day of **September, 2005**, upon consideration of Defendants' Motions for Summary Judgment (Document Nos. 19 & 20), Plaintiff's response thereto, and for the following reasons, it is hereby **ORDERED** that the motions are **GRANTED in part** and **DENIED in part**.[1]

---

[1] Summary judgment is appropriate when the admissible evidence fails to demonstrate a dispute of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56 (c) (2005). I may not make credibility determinations nor may I weigh the evidence in deciding the motions before me. *See Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000). Therefore, Plaintiff's federal claims and several of his state claims must proceed to trial. However, Plaintiff's failure to support his intentional infliction of emotional distress claim with expert medical evidence is fatal to that claim. *See DeBellis v. Kulp*, 166 F. Supp. 2d 255, 281 (E.D. Pa. 2001); *see also Ascolese v. Se. Pa. Transp. Auth.*, 902 F. Supp. 533, 553 (E.D. Pa. 1995) (*citing Kazatsky v. King David Mem'l Park, Inc.*, 527 A.2d 988, 995 (Pa. 1987) ("[Pennsylvania] law requires plaintiffs claiming intentional infliction of emotional distress to present expert medical evidence of harm.").) Furthermore, Plaintiff's trespass to chattels claim also fails. Trespass to chattels involves the intentional dispossession or exercise of dominion over the personal property of another. *See Creative Dimensions In Mgmt., Inc. v. Thomas Group, Inc.*, Civ. A. No. 96-6318, 1999 U.S. Dist. LEXIS 5120, at *7 n.2 (E.D. Pa. Apr. 16, 1999); *see also Café Parissa, Inc. v. 1601 Assocs.*, No. 4272, 2005 Phila. Ct. Com. Pl. LEXIS 69, at *10 (Phila. Ct. Com. Pl. Jan. 7, 2005). Defendants found and confiscated both a small bag that they suspected contained marijuana and a smoking device from Plaintiff's apartment. (*See* Dunmire Dep. at 13, 31-32.) However, there is no indication that Plaintiff's trespass to chattels claim rests upon either of these items. As Plaintiff's response to Defendants' motion does not mention any other personal property that could serve as the basis for a trespass to chattels claim, judgment for Defendants will also be entered on that claim. Plaintiff's § 1983 claims against Officers Detz

BY THE COURT:

_____
**Berle M. Schiller, J.**

---

and Zimmerman as well as his remaining state law claims shall proceed to trial.