IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY J. DUNMIRE, | : | No. 05 CV 0081 |
|     Plaintiff | : | |
| | : | |
| Vs. | : | |
| | : | |
| STEPHEN M. DETZ and | : | |
| ERIC ZIMMERMAN, | : | |
|     Defendants | : | |

**JOINT PRETRIAL STIPULATION
OF ALL PARTIES**

  **AND NOW**, come the parties and, pursuant to the Order of April 21, 2005, file this Joint Pretrial Stipulation, asserting the following:

**A.**  **AGREED FACTS:**

  1.  Stephen M. Detz, at all relevant times, was a police officer employed by the Lititz Borough Police Department.

  2.  Officer Detz had a Bachelors' degree in Criminal Justice, graduated from the Reading Police Academy in November, 2001 and began his employment as a Lititz Borough police officer on June 2, 2003.

3.      At approximately 3:00 a.m. on December 12, 2004, Officer Detz was on foot patrol in the Borough of Lititz.

4.      While on foot patrol, Officer Detz went to the bottom of the stairs at 12 South Broad Street, Lititz, Pennsylvania.

5.      From the bottom of the stairs, Officer Detz radioed to the dispatcher advising where he was.

6.      Officer Detz went upstairs and knocked on the door to an apartment.

7.      Timothy J. Dunmire, the Plaintiff resided in the apartment at 12 South Broad Street, Lititz, Pennsylvania.

8.      Plaintiff, Timothy J. Dunmire, answered the door and in response to a request for identification, produced a Pennsylvania driver's license.

9.      At all times material hereto, the Plaintiff, Timothy J. Dunmire, refused entry into his home.  At no time did the Plaintiff, Timothy J. Dunmire, consent to entry into his home.

10.     Troy A. Whitmyer stepped out onto the landing.

11.     Troy A. Whitmyer, in response to a question, produced his driver's license as identification.

12.     Defendant, Eric Zimmerman, a police officer employed by the Township of Warwick, responded as a back-up pursuant to the radio call made by Officer Detz.

13.     During the encounter on the upstairs landing adjacent to Plaintiff Timothy J. Dunmire's apartment, he was handcuffed.

14.     Officers Detz and Zimmerman made a non-consensual entry into the apartment of Plaintiff Timothy J. Dunmire.

15. The Defendant police officers obtained the identity of each person who was inside the Plaintiff's apartment on December 12, 2004, at the time in question.

16. The handcuffs were removed from Plaintiff Timothy J. Dunmire and Troy A. Whitmyer.

17. Both officers left the apartment.

18. No formal charges were filed against Timothy J. Dunmire or anyone else in the apartment as a result of the December 12, 2004 matter.

19. Defendant Eric Zimmerman was hired by Warwick Township in 1988 as a police officer.

20. Officer Eric Zimmerman attended and completed the 43rd Police Recruit School Program held at Harrisburg Area Community College in 1989.

21. Officer Eric Zimmerman is the officer in charge of conducting an annual "Use of Force" training program for all Warwick Township police officers.

**B.    DISPUTED FACTS:**

1. Whether on December 12, 2004 noise emanated from the 12 South Broad Street property that was audible from the street.

2. Whether on December 12, 2004, Police Officer Stephen M. Detz heard the noise and identified the noise as emanating from the 12 South Broad Street property?

3. Whether, and how often, Officer Detz had been to the 12 South Broad Street property on prior occasions on domestic type calls.

4. Whether, and to what extent, Officer Detz knew the identity of the lessee of the apartment located at 12 South Broad Street.

5. Whether the nature of the noise emanating from the 12 South Broad Street property on December 12, 2004 was of such a volume and nature as to lead a reasonable police officer to the conclusion that a fight, altercation or argument was taking place.

6. The factors and circumstances that a police officer is allowed to consider under the totality of the circumstances standard articulated in *United States v. Nelson*, 284 F.3d 472 (2002), applying *Terry v. Ohio*, 392 U.S. 1 (1968), and *United States v. Arvizu*, 534 U.S. 266 (1/15/2002).

C.   **WITNESSES AND EXHIBITS:**

   1.   **WITNESSES:**

   a.   Timothy J. Dunmire (Plaintiff), 12 South Broad Street, Lititz, Pennsylvania, 17543 (describing his encounter with Police Officers Eric Zimmerman and Stephen M. Detz in the early morning hours of December 12, 2004.)

   b.   Eric Zimmerman, (Defendant), Police Officer of the Township of Warwick, 315 Clay Road, P.O. Box 308, Lititz, Pennsylvania, 17543 (describing his response to the request for back-up by Officer Stephen M. Detz, including his encounter with Timothy Dunmire in the early morning hours of December 12, 2004, the entry into Timothy Dunmire's apartment and the actions taken therein).

   c.   Stephen M. Detz (Defendant), Police Officer of the Borough of Lititz, 7 South Broad Street, Lititz, Pennsylvania, 17543 (expected to describe his response to the noise

emanating from the 12 South Broad Street property leased to Timothy J. Dunmire, his previous experiences at that location, his encounter with Dunmire at the entrance to the apartment, and the events leading to the entry to the Dunmire residence, actions taken inside of the residence, and his departure).

    d.  Aaron Yoder (witness), 237 Landis Valley Road, Lititz, Pennsylvania, 17543.  This witness was inside the Dunmire apartment at the time of the arrival of Police Officers Detz and Zimmerman.  The witness is expected to describe her activities immediately before and during the entry of the premises by the police officers.

    e.  Nicole Hershman (witness), 10 Middle Lane, Lititz, Pennsylvania, 17543.  This witness was inside the Dunmire apartment at the time of the arrival of Police Officers Detz and Zimmerman.  The witness is expected to describe her activities immediately before and during the entry of the premises by the police officers.

    f.  Erin Krushinski (witness), 66 East Center Street, Lititz, Pennsylvania, 17543.  This witness was inside the Dunmire apartment at the time of the arrival of Police Officers Detz and Zimmerman.  The witness is expected to describe her activities immediately before and during the entry of the premises by the police officers.

    g.  Andrew T. Bolton (witness), 308 Regents Drive, Lititz, Pennsylvania, 17543.  This witness was inside the Dunmire apartment at the time of the arrival of Police Officers Detz and Zimmerman.  The witness is expected to describe his activities immediately before and during the entry of the premises by the police officers.

    h.  Troy A. Whitmyer (witness), 231 Noble Street, Lititz, Pennsylvania, 17543.  This witness is expected to describe his activity inside the Dunmire residence at the time

the police arrived, his actions taken outside of the premises, and throughout the duration of the encounter with the police officers.

      i.     James Anton (witness), 3 Meadowbrook Lane, Lititz, Pennsylvania, 17543. This witness was inside the Dunmire apartment at the time of the arrival of Police Officers Detz and Zimmerman.  The witness is expected to describe his activities immediately before and during the entry of the premises by the police officers.

    **2.**    **EXHIBITS:**

        **a.**.   **Plaintiff's Exhibits:**

        Dunmire Exhibit 1 – Two photographs of Plaintiff.

        Dunmire Exhibit 2 – Plaintiff may make use of defense exhibits, specifically Detz Exhibits 1(a) to 1(o).

        **b.**   **Defendant Detz's Exhibits:**

        Detz Exhibit 1(a)-(o) – 15 photographs taken of the incident area by Robert Hanna on 6/7/2005

        Detz Exhibit 2 – Lititz Borough Police Initial Complaint Report dated 12/12/2004

        Detz Exhibit 3 – Memorandum from Officer Stephen Detz addressed to Chief William Seace dated 12/30/2004

        Detz Exhibit 4 - Lititz Borough Police Department Incident Report (#2004-LZ-04072) dated 12/12/2004

        Detz Exhibit 5 – Stephen Detz' training records

        Detz Exhibit 6 - Lititz Borough Police Department Incident Report (#2000-LZ-00694) dated 3/3/2000

        Detz Exhibit 7 - Lititz Borough Police Department Incident Report (#2001-LZ-04049) dated 12/21/2001

Detz Exhibit 8 - Lititz Borough Police Department Incident Report (#2002-LZ-00238) dated 1/24/2002

Detz Exhibit 9 - Lititz Borough Police Department Incident Report (#2003-LZ-03080) dated 9/10/2003

Detz Exhibit 10 - Lititz Borough Police Department Incident Report (#2004-LZ-01905) dated 6/4/2004

Detz Exhibit 11 – Deposition transcript of Timothy Dunmire dated 6/8/2005 & exhibits

Detz Exhibit 12 – Deposition transcript of Stephen Detz dated 6/8/2005 & exhibits

Detz Exhibit 13 – Deposition transcript of Eric Zimmerman dated 6/8/2005 & exhibits

Detz Exhibit 14 – Deposition transcript of Nicole Hershman dated 7/29/2005

Detz Exhibit 15 – Deposition transcript of Erin Krushinski dated 7/29/2005

Detz Exhibit 16 – Deposition transcript of Aaron Yoder dated 7/29/2005

Detz Exhibit 17 – Deposition transcript of Troy Whitmyer dated 7/29/2005 & exhibits

Detz Exhibit 18 – Deposition transcript of Andrew Bolton dated 7/29/2005

Detz Exhibit 19 – Deposition transcript of James Anton dated 7/29/2005

c. **Defendant Zimmerman's Exhibits:**

Zimmerman Exhibit 1 – Officer Zimmerman's training record

Zimmerman Exhibit 2 – Officer Zimmerman's Memorandum dated 12/29/04

Zimmerman Exhibit 3 – Lancaster County-Wide Communications—12/12/04

    **3.**    <u>**Estimated Time for Trial**</u>:

    The parties anticipate 1 ½ to 2 days for trial.

**D.**    <u>**PROPOSED VOIR DIRE**</u>:

Joint Proposed Voir Dire Questions have been electronically filed with the Clerk's office.

**E.**    <u>**SUMMARY OF THE APPLICABLE LAW:**</u>

Without waiving any of the legal arguments advanced in each party's Briefs for and against summary judgment or any of the law contained in the various Proposed Points for Charge, the simplest way to summarize the picture seems to be as follows. On December 12, 2004, at about 3:00 a.m. or 3:30 a.m., Officer Detz, while on foot patrol, heard some type of noise which he traced back to what turned out to be Timothy Dunmire's apartment located at 12 South Broad Street, Lititz, Pennsylvania. This is an upstairs apartment. An encounter which involved Officers Detz and Zimmerman, Timothy Dunmire and a friend, Troy Whitmyer, took place outside the apartment on the landing and stairwell adjacent thereto. Timothy Dunmire was placed in handcuffs, as was Troy Whitmyer who has asserted no claim. A non-consensual entry to the Dunmire apartment took place. There was a search. The occupants were identified. Dunmire and his companion were released and the police left. No charges were filed. It has long been the law that ordinarily some type of arrest or search warrant is required for an entry into a person's home, or that person's consent is required. There is a body of case law in both Pennsylvania and in the Federal Court system that stands for the proposition the Fourth Amendment or its Pennsylvania counterpart does not bar police officers from making warrantless

entries . . . when they reasonably believe that a person within may be in need of immediate aid. The need to protect or preserve life or avoid serious injury can be justification for what would be otherwise illegal absent an exigency or emergency.

In formulating a reasonable belief, police officers are entitled to use the totality of the circumstances standard articulated in cases such as *United States v. Nelson*, 284 F.3d 472 (2002); *Terry v. Ohio*, 392 U.S. 1 (1968); and more recently *United States v. Arvizu*, 534 U.S. 266 (2002).

The Supreme Court has held that all claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other seizure of a free citizen should be analyzed under the Fourth Amendment reasonableness standard. *Marable v. West Pottsgrove Township*, 2005 U.S. Dist. Lexis 13754, *29-30 (E.D. Pa. 2005), *citing Graham v. Conner,* 490 U.S. 386 (1989).  Further, the Court has found:

> . . . The reasonableness inquiry in an excessive force case is an objective one: the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.

*Graham,* 490 U.S. at 396-397 (1989).  The reasonable standard must be considered in light of the totality of the circumstances, including an analysis of "whether the suspect posed an immediate threat to the safety of the officer or others, whether the suspect was actively resisting arrest, and the severity of the crime at issue." *Marable* at *31; *see, Ankele v. Hambrick*, 2003 U.S. Dist. Lexis 8817, *32 (E.D. Pa. 2003).

In denying the Defendant's Motion for Summary Judgment, in essence this Court has ruled that there are disputed issues of fact which preclude resolving this matter by way of a Motion for Summary Judgment.

**F.    UNUSUAL LEGAL ISSUES**:

1.    Application of governmental immunity to state law claims. (Covered in Points for Charge)

2.    The case law applicable to a rescue type entry into an apartment without consent or warrant. (Covered in Points for Charge)

Date: September 22, 2005            /s/ Harry W. Fenton
                                    Harry W. Fenton, ID #55656
                                    Counsel for Plaintiff, Timothy J. Dunmire


Date:  September 22, 2005           /s/ Craig M. Straw
                                    Craig M. Straw, ID #78212
                                    Counsel for Defendant, Eric Zimmerman


Date:  September 22, 2005           /s/ Robert G. Hanna, Jr            .
                                    Robert G. Hanna Jr., ID #17890
                                    Counsel for Defendant, Stephen M. Detz

## CERTIFICATE OF SERVICE

I, Blanche A. Morrison, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this 22nd day of September, 2005, I served a true and correct copy of the foregoing **JOINT PRETRIAL STIPULATION OR ALL PARTIES,** via electronic filing**,** as follows:

Harry W. Fenton, Esquire
Reilly, Wolfson, Sheffley, Schrum and Lundberg, LLP
1601 Cornwall Road
Lebanon, PA  17042
*Attorneys for Plaintiffs*


Craig M. Straw, Esquire
Deasey, Mahoney & Bender, Ltd.
1800 JFK Boulevard, Suite 1300
Philadelphia, PA  19103
*Attorneys for Defendant Zimmerman*


/s/ Blanche A. Morrison
Blanche A. Morrison, Legal Secretary
to Robert G. Hanna, Jr., Esquire


This document has also been electronically filed and is available for viewing and downloading from the ECF system.