IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY J. DUNMIRE, | : | No. 05 CV 0081 |
| Plaintiff | : | |
| | : | |
| Vs. | : | |
| | : | |
| STEPHEN M. DETZ and | : | |
| ERIC ZIMMERMAN, | : | |
| Defendants | : | |

**PROPOSED POINTS
FOR CHARGE ON BEHALF OF PLAINTIFF**

**AND NOW**, comes the Plaintiff, through his counsel, and files the following Proposed Points for Charge:

1. Plaintiff consents to and incorporates by reference herein those Points for Charge filed on behalf of Defendants, as follows: 2-9; 15-16; 22-23; 25-26; 28-31; 33.

2. A warrantless entry into a home by a police officer is a presumptively unreasonable search under the Fourth Amendment. Payton vs. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed. 2d 639 (1980). The Fourth Amendment applies to all invasions on the part of the government and its employees to the sanctity of a man's home and the privacies of life. The physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed.

      3.      In this case, it is undisputed that the Defendants entered the home of Plaintiff without a warrant and without the consent of Plaintiff. In order to rebut the presumption that this entry, in the absence of a warrant, was unreasonable, Defendants must show some exception to the warrant requirement. The exception relied upon them is known as "exigent circumstances." You may find that the exception of "exigent circumstances" applies here if you conclude, by a preponderance of the evidence, that a reasonable basis existed for the belief that there was a "risk of danger" to persons inside the apartment at the time. <u>Minnesota v. Olson</u>, 495 U.S. 91, 110 S.Ct. 1684, 109 L.Ed. 2d 85 (1990).

      4.      [Otherwise stated at Defendants' No. 10]  Plaintiff is claiming that his Fourth Amendments rights to be free from the use of force to effect a detention, however brief, were violated. The test you should use is whether the Defendants' actions were "objectively reasonable" in light of all of the facts and circumstances confronting them, that is, the totality of the circumstances, in the performance of their duties, without regard to their underlying intent or motivation.

      The "totality of the circumstances" to be considered by you implies that all of the factors bearing on the Defendants' use of force are to be considered when deciding the reasonableness of the actions taken, including events preceding the actual seizure of Plaintiff.

      5.      [Otherwise stated at Defendants' No. 21]  In this case, Defendants have asserted their good faith, qualified immunity as a defense to Plaintiff's claims. A municipal officer who reasonably, but mistakenly, concludes that his actions are lawful is entitled to immunity. This immunity may be denied by you if you find that the unlawfulness of the Defendants' actions was

so apparent that no reasonable official in their situation could have believed that their actions were lawful.

If you find that, under the circumstances, a municipal police officer in the shoes of Defendants would have concluded that their actions were reasonable and lawful under clearly established law, and under the circumstances of this case, then you may find that the Defendants are immune from liability.

6. [Otherwise stated at Defendants' No. 27]  The Pennsylvania legislature has enacted a statute, the Political Subdivision Tort Claims Act, which provides that employees of a local government agency are immune under some circumstances for liability for civil damages. This immunity only applies to the state law claims and does not apply to the federal claims raised by Plaintiff.

7. [Otherwise stated at Defendants' No. 34]  Punitive damages are damages, other than compensatory or nominal damages, awarded as a deterrent and to punish gross violations of constitutional rights.  To establish a claim for punitive damages, the Plaintiff must prove by a preponderance of the evidence that the Defendant knowingly and maliciously deprived him of his civil rights.  You may assess punitive damages if you find, by a preponderance of the evidence, that the Defendants' conduct is shown to be motivated by evil motive or intent or if it involved reckless or callous indifference to the federally protected rights of the Plaintiff.

The law requires a high degree of culpability on the part of Defendants to support a claim for punitive damages.  Punitive damages may be awarded for reckless or callous indifference to the rights of others, but they may not be awarded for misconduct which constitutes ordinary negligence such as inadvertence, mistake or error.

If you determine that any Defendant violated Plaintiff's constitutional rights, you may, but are not required to, determine whether punitive damages are to be assessed against that Defendant. Thus, if you find by a preponderance of the evidence that any Defendant is liable to Plaintiff and you further find by a preponderance of the evidence that the actions of that Defendant were taken maliciously, wantonly or oppressively, or were pursued with reckless or callous indifference to the rights of Plaintiff, then you may award punitive damages against that Defendant.

                                      REILLY, WOLFSON, SHEFFEY, SCHRUM
                                        AND LUNDBERG LLP

                                  By:     /s/ Harry W. Fenton
                                        Harry W. Fenton, ID #55656
                                        Counsel for Plaintiff
                                        1601 Cornwall Road
                                        Lebanon, PA  17042
                                        (717) 273-3733

Date:  September 26, 2005